UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VLADIMIR ARISTILDE,                                                              Index No.: 16-cv-1091

                            Plaintiff,

   -against-                                                                                   **COMPLAINT**


SUFFOLK COUNTY POLICE DEPARTMENT,                             *Jury Trial Demanded*

                            Defendant.
-----------------------------------------------------------------X

      Plaintiff, VLADIMIR ARISTILDE, by and through his attorney, CHAUNCEY D. HENRY, ESQ., OF HENRY LAW GROUP, alleges and complains of the Defendant as follows:

## INTRODUCTION

1. This action is brought against Defendant on the basis of it discriminating against the Plaintiff based on race. Defendant engaged in discrimination by inflicting willful and deliberate disparate treatment on Plaintiff during the hiring process, subjecting Plaintiff to racial discrimination, failing to promote Plaintiff and wrongfully denying Plaintiff a position of Police Officer for reasons driven by discriminatory animus based on Plaintiff's membership in a protected class. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. § 2000e-2(a)(1) for failure to promote Plaintiff; Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. § 2000e, et seq. for Disparate Treatment and the Disparate Impact Defendants' hiring practices had on Plaintiff and those similarly situated applicants; New York State, Executive Law, Article 15, Human Rights Executive Law § 296, under Pendant Jurisdiction. Plaintiff

seeks to recover injunctive relief, declaratory relief, equitable relief, compensatory damages, monetary damages, emotional damages and reasonable attorney fees.

## JURISDICTION AND VENUE

2. Jurisdiction is specifically, and properly conferred upon this United States District Court by the aforementioned statutes, as well as under 28 U.S.C. §§ 1331, 1343.

3. Jurisdiction may all be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law conferred upon this United States District Court by Pendant Jurisdiction.

4. This action is brought against Defendant for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e-2(a)(1) and Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e et seq.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1397(b)(2) in light of the fact that the events described herein all occurred within the territorial confines of the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

6. On March 23, 2015, Plaintiff filed a verified complaint with the New York State Division of Human Rights ("NYSDHR"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was issued a Notice of Right to Sue dated December 4, 2015, therefore permitting Plaintiff to properly

bring suit in an appropriate United States District Court pursuant to 42 U.S.C. § 2000e.

7. Said Right to Sue letter is attached herewith as **Exhibit A**, and is incorporated herein by reference. As such, Plaintiff has therefore exhausted all required administrative remedies.

## PARTIES

8. At all times, relevant hereto, Plaintiff Vladimir Aristilde, ("Plaintiff" or "Aristilde"), is an African American male of Haitian descent born February 19, 1981, and is a resident of the State of New York with an address of 237 Holly Avenue, Hempstead, New York 11550, Nassau County.

9. Defendant, Suffolk County Police Department ("Defendant" or "S.C.P.D.") is a municipal entity of Suffolk County, New York with its headquarters located at 30 Yaphank Avenue, Yaphank, New York 11980.

10. Upon information and belief, during the relevant period herein, the S.C.P.D. employed in excess of fifteen (15) employees at any given time, and is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

## FACTUAL ALLEGATIONS

**I.** *Aristilde's Membership of a Protected Group*

11. Plaintiff is a 34-year-old African American male of Haitian descent, qualified for the position sought and obtained.

**II.** *Aristilde Applies for Police Officer Position with S.C.P.D.*

12. Upon information and belief, in or about June 2011, Plaintiff passed a Civil Service Examination for the position of Police Officer with the S.C.P.D.

13. Upon information and belief, in or about January 2014, Plaintiff was selected by S.C.P.D. from a pool of approximately 23,000 applicants and some time thereafter Plaintiff received a notice that he was to be considered by the S.C.P.D. for admission into that year's graduating class of police officers.

### III.    *Aristilde's Conditional Appointment*

14. Upon information and belief, during the relevant period hereto, Plaintiff, as a Police Officer Candidate, was required by the S.C.P.D. to undergo various evaluations to assess his qualification as a police officer, including a medical examination, psychological examination, polygraph examination and a physical fitness screening examination.

15. Upon information and belief, on or about August 28, 2014, after having endured a series of evaluations, S.C.P.D. presented Plaintiff with a "Conditional Offer of Employment", which Plaintiff acknowledged and accepted.

16. Upon information and belief, on or about September 1, 2014, Plaintiff was issued a Police Candidate Application Packet Return of Acknowledgement Form, which classified Plaintiff as a "Police Officer Candidate" on a "Certified List."

17. Upon information and belief, during the relevant period hereto, Plaintiff duly accepted and complied with the requirements of S.C.P.D.'s Police Candidate Application Packet in accepting the appointment.

18. Upon information and belief, the "Conditional Offer of Employment" also provided that Plaintiff be subject to a background investigation and polygraph examination, both of which Plaintiff successfully passed.

19. Upon information and belief, in or about October 2014, as a condition of employment, Plaintiff underwent a psychological evaluation administered by S.C.P.D., which comprised of questions regarding Plaintiff's personal history, composure, and decision-making abilities under various hypothetical scenarios.

20. Upon information and belief, prior to receiving the results of his psychological evaluation, Plaintiff received positive feedback from his proctors on all previous evaluations, including the polygraph.

### IV.  *Aristilde's Qualifications*

21. Upon information and belief, Plaintiff's certifications and degrees include a Certification of Certified Nursing Assistant from Franklin Career Institute, an Associate's Degree in Food and Nutrition from Nassau Community College, an Associate's Degree in Fine Arts from Nassau Community College, a Surgical Technologist Certification from Long Island University, a Certification to administer First Aid and Cardiopulmonary Resuscitation (CPR), a Nursing Assistant/Orderly License and a New York State Security Guard License.

22. Upon information and belief, Plaintiff's several years of vast security related experience and fitness and conditioning training as a Personal Fitness Trainer for over four (4) years, coupled with his height of six (6) feet and five (5) inches and weight of two hundred seventy (270) pounds, rendered him qualified for the position sought with the S.C.P.D.

23. Upon information and belief, during the relevant period hereto, Plaintiff possessed three (3) years of experience as a Child Care Worker, in which he provided care for special needs children with St. Christopher-Ottilie Family of Services.

24. Upon information and belief, Plaintiff has completed a combined (480) hours in clinical rotation at Columbia Presbyterian Hospital and Cornell Presbyterian Hospital.

25. Upon information and belief, Lisa Williams, Plaintiff's former co-worker at South Nassau Community Hospital, described Plaintiff as a "gentle giant," and a "problem solver." In her letter of recommendation, she further praised his work ethic as "exemplary", and complimented his "compassion and love [for] helping others."

26. Upon information and belief, during the relevant period hereto, Plaintiff does not have any criminal convictions that would create a barrier to his appointment as a S.C.P.D. Police Officer.

27. Upon information and belief, Plaintiff currently works at Columbia Presbyterian Hospital as a Surgical Technologist and remains fully qualified for the position sought from the S.C.P.D.

**V.   *Aristilde Suffers Adverse Employment Action Based on Race***

28. Upon information and belief, in or about November 2014, shortly after Plaintiff had passed the polygraph examination, Plaintiff received a notification letter detailing the results of his psychological evaluation.

29. Upon information and belief, during the relevant period hereto, Plaintiff passed all of S.C.P.D.'s evaluations, including the medical examination, fitness screening examination, and polygraph examination, but was found "Not Qualified" by S.C.P.D.'s psychologists under the psychological component of the overall evaluation.

30. Upon information and belief, during the relevant period hereto, although the results of S.C.P.D.'s psychological evaluations are typically released within a week of administration, S.C.P.D. took nearly a month to release its evaluation results to Plaintiff.

31. Upon information and belief, Suffolk County Department of Civil Service notified Plaintiff that in order to appeal S.C.P.D.'s decision, Plaintiff would be required to write a letter requesting an appeal to the Civil Service Department within five (5) days of the date on the notification letter.

32. Upon information and belief, during the relevant period hereto, S.C.P.D. permits Candidates contesting the findings of psychological evaluations to submit facts or documentation in support of their appeals, including independent psychological evaluations. Upon receipt of a candidate's appeal request, candidates are scheduled to appear before an "Appeal Committee", which includes a different psychologist than the one who administered the original evaluation.

33. Upon information and belief, Plaintiff timely submitted a notification of intent to S.C.P.D.'s Director of Examinations to appeal the determination that he was found "Not Qualified" on October 31, 2014, requested that he be scheduled for another psychological evaluation before the Appeal Committee, and expressed his intention to submit the evaluation of an independent psychologist for review by the Appeal Committee.

34. Upon information and belief, as part of the Plaintiff's appeal package, the independent psychologist's evaluation did not reveal any psychological abnormalities.

35. Upon information and belief, S.C.P.D.'s psychologists, despite the submission of an independent psychologist's evaluation indicating that Plaintiff did not bear any psychological abnormalities, denied Plaintiff's appeal without further consideration and failed to provide Plaintiff with an explanation or otherwise.

VI. *S.C.P.D.'s Legitimate, Nondiscriminatory Reason for Employment Action*

36. Upon information and belief, S.C.P.D. failed to hire Plaintiff because it found Plaintiff "Not Qualified" for the position of Police Officer based on S.C.P.D.'s psychological component of the overall evaluation.

VII. *S.C.P.D.'s Reason Mere Pretext for Discrimination*

37. Upon information and belief, S.C.P.D. does not release the reasons behind the findings of psychological evaluations as a matter of policy. Therefore, attempts by Police Officer Candidates to inquire into S.C.P.D.'s evaluation policies and methodology, and the individual performances of Candidates on said evaluations, are fraught with difficulty, and undue secrecy.

38. Upon information and belief, Plaintiff having passed all of S.C.P.D.'s examinations and evaluations, save the psychological component, results of which were not disclosed to him, had borne a reasonable expectation of promotion from the position of "Police Officer Candidate", as he was qualified for the position and had successfully met material components of his overall employment evaluation.

39. Upon information and belief, on appeal, Plaintiff submitted an independent psychologist's evaluation, which did not reveal any psychological abnormalities.

40. Upon information and belief, other qualified non-minority candidates who sought employment with S.C.P.D. alongside Plaintiff, with similar qualifications and backgrounds, were nonetheless found qualified and promoted to Police officer. Of those sixty-six (66) candidates selected, ninety-percent (90%: 60) were Caucasian and only ten-percent (10%: 6) were minorities. Of the ten-percent (10%: 6) minority candidates selected, only three (3) were African American representing approximately (4.5%: 3) of the entire selected candidate pool.

### VIII. Disparate Impact S.C.P.D.'s Hiring Practices had on Plaintiff and Similarly Situated Applicants

41. Upon information and belief, as evident from the gross disparity between S.C.P.D.'s appointment of Caucasian applicants versus minority applicants, African Americans face greater challenges in becoming officers than Caucasians and are routinely denied on presumably unsupported psychological grounds.

42. Upon information and belief, psychological evaluations similar to the evaluation given to Plaintiff, by virtue of S.C.P.D.'s nondisclosure policies, serve as a de facto barrier to African American, and other minority, Police Officer Candidates obtaining successful appointment.

43. Upon information and belief, prior to and during the relevant period hereto, S.C.P.D. had entered into an agreement with the United States Justice Department, providing in relevant part that S.C.P.D. "[w]ill maintain and implement a policy that promotes bias-free policing and equal protection within its hiring, promotion and performance assessment processes[.]"

44. Upon information and belief, out of 23,000 S.C.P.D. police officer applicants for the incoming Class of 2014, only sixty-six (66) were selected for appointment. Of

those sixty-six (66) candidates selected, ninety-percent (90%: 60) were Caucasian and only ten-percent (10%: 6) were minorities. Of the ten-percent (10%: 6) minority candidates selected, only three (3) were African American representing approximately (4.5%: 3) of the entire selected candidate pool. Thus, evincing a clear and compelling disparity between S.C.P.D. hiring and appointment of Caucasian and African American candidates. S.C.P.D. disparate application of its hiring processes unfairly and routinely subjects African Americans to a more rigorous and higher scrutinized hiring process than are Caucasian applicants. S.C.P.D.'s hiring practices and policy have a profound disparate impact on African American and/or minority applicant pools whereas African American and/or minorities candidates are denied equal access

### IX.  S.C.P.D.'s Graduating Class was Statistically Disparate from Suffolk County's Racial Demographics

45. Upon information and belief, according to the United State Census Bureau, as of 2013, 8.2% of Suffolk County's residents were African Americans.

46. Upon information and belief, however, only 4.5% (three of sixty-six) of S.C.P.D.'s newly inducted police officers in 2014 were African Americans.

47. Upon information and belief, the demographics of S.C.P.D. indicate that 88% of S.C.P.D. personnel are Caucasians, and only 2.5% are African Americans.

48. Upon information and belief, S.C.P.D.'s facially neutral psychological evaluations fall more harshly on African American Police Officer Candidates, preventing the promotion and hiring of said Candidates than Candidates of other racial backgrounds.

### X.  Damages

49. As a result of the S.C.P.D.'s wrongful, willful, malicious, reckless and/or otherwise intentional discriminatory conduct, Plaintiff was wrongfully denied a position in which he was fully qualified for. Plaintiff seeks injunctive relief, declaratory relief, equitable relief, compensatory damages, monetary damages, emotional damages and reasonable attorney fees.

*Federal Causes of Action*

### COUNT I

### DISPARATE TREATMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.: *Race Based Discrimination*

50. Plaintiff repeats and reiterates the allegations set forth in paragraph 1 through 49 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

51. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1).

52. S.C.P.D., by and through its agents, discriminated against the Plaintiff in its hiring processes based upon the Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Plaintiff was subject to disparate treatment during the hiring process when S.C.P.D. failed to hire and promote Plaintiff as a Police Officer due to his race.

53. Plaintiff, as a member of the protected class of those African American Police Officer Candidates, was subject to an uneven, racially motivated, adverse

employment action when S.C.P.D. failed to promote and/or hire him based on the discretionary psychological component of its employment assessment process. Although Plaintiff filed a timely appeal to the Civil Service Department and provided an independent psychological evaluation that revealed Plaintiff did not bear any psychological abnormalities, Plaintiff was further denied promotion to the position without consideration, with S.C.P.D. refusing to provide Plaintiff with an explanation or otherwise.

54. Plaintiff remains qualified for the position sought from the S.C.P.D.

55. Of the sixty-six (66) candidates that were selected for appointment for the incoming Class of 2014, ninety-percent (90%: 60) were Caucasian and only ten percent (10%: 6) were minorities. Of that ten percent (10%: 6) minority candidates selected, only three (3) were African American representing approximately (4.5%: 3) of the entire selected candidate pool. Statistically provided, S.C.P.D.'s other similarly qualified and situated Caucasian Candidates were nonetheless found qualified and admitted into S.C.P.D.'s ranks.

56. As a direct or proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income and loss of other employment benefits.

57. As a result of the foregoing, Plaintiff is entitled to injunctive relief, declaratory relief, equitable relief, compensatory damages, monetary damages, emotional damages and reasonable attorney fees.

## COUNT II

**DISPARATE TREATMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.**: *Failure to Promote*

58. Plaintiff repeats and reiterates the allegations set forth in paragraph 1 through 57 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

59. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to fail or refuse to hire any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1).

60. Plaintiff is an African American male, qualified for the position sought from the S.C.P.D.

61. Despite Plaintiff's positive independent psychological evaluation, S.C.P.D. failed to hire and/or promote Plaintiff from the position of Police Officer Candidate to the position of Police Officer.

62. S.C.P.D. qualified and admitted into its ranks other qualified non-minority Candidates who sought employment with S.C.P.D. alongside Plaintiff, with similar qualifications and backgrounds. Statistically provided, African Americans only represented approximately 4.5% of the entire selected candidate pool, which meant that of the sixty-six (66) candidates, only 3 were African American.

63. As a direct or proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income and loss of other employment benefits.

64. As a result of the foregoing, Plaintiff is entitled to injunctive relief, declaratory relief, equitable relief, compensatory damages, monetary damages, emotional damages and reasonable attorney fees.

## COUNT III

## DISPARATE IMPACT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.: *Discriminatory Hiring Practices*

65. Plaintiff repeats and reiterates the allegations set forth in paragraph 1 through 64 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

66. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(2)

67. S.C.P.D.'s hiring practices adversely impacts its African American applicant pool. The psychological evaluation component, by virtue of S.C.P.D.'s nondisclosure policies, serves as a de facto barrier to African American Police Officer Candidates obtaining successful appointment.

68. As evident from the gross disparity between S.C.P.D. appointment of Caucasian applicants versus minority applicants, African Americans face greater challenges in becoming officers than Caucasians and are routinely denied on unsupported psychological grounds. According to the United State Census Bureau, as of 2013, 8.2% of Suffolk County's residents were African Americans. However, only 4.5% (three of sixty-six) of S.C.P.D.'s newly inducted police officers in 2014 were African Americans. The demographics of S.C.P.D. indicate that 88% of S.C.P.D. personnel are Caucasians, and only 2.5% are African Americans.

69. Of the 66 candidates that were selected for appointment for the incoming Class of 2014, ninety (90) percent were Caucasian and only ten (10) percent were minorities. Of that ten (10) percent, only 4.5% (3 of 66) candidates were African American.

70. S.C.P.D.'s disparate application of its hiring processes unfairly and routinely subjects African Americans to a more rigorous and higher scrutinized hiring process than are Caucasian applicants.

71. As a direct result of S.C.P.D.'s hiring practices, Plaintiff was adversely impacted when S.C.P.D. failed to hire and/or promote him to the position of a Police Officer due to his race.

72. As a direct or proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income and loss of other employment benefits.

73. As a result of the foregoing, Plaintiff is entitled to injunctive relief, declaratory relief, equitable relief, compensatory damages, monetary damages, emotional damages and reasonable attorney fees.

*State Causes of Action*

### COUNT IV

### NEW YORK STATE, EXECUTIVE LAW, ARTICLE 15, HUMAN RIGHTS EXECUTIVE LAW §296(1)(a): *Failure to Hire*

74. Plaintiff repeats and reiterates the allegations set forth in paragraph 1 through 73 inclusive of the instant complaint, with the same force, effect and veracity as through fully set forth hereto.

75. New York State Executive Law, Human Rights Law ("NYSHRL") prohibits unlawful discriminatory employment practices. Section § 296 of the NYSHRL,

15

provides in pertinent part that, "[I]t shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

76. S.C.P.D., by and through its agents, discriminated against the Plaintiff during the hiring process when S.C.P.D. failed to hire and promote Plaintiff as a Police Officer due to his race.

77. Plaintiff, as an African American qualified candidate, was subjected to S.C.P.D.'s discriminatory hiring practices when S.C.P.D. found Plaintiff "Not Qualified" for the position of Police Officer based on the psychological component of the overall evaluations. Although other similarly qualified and situated Caucasian Candidates were nonetheless found qualified and admitted into S.C.P.D., Plaintiff was not qualified to join the ranks. Statistically supporting data shows that Caucasian Candidates made up ninety (90%) percent of the incoming Class of 2014, while African Americans only made up four point five (4.5%) percent.

78. As a direct and proximate result of the foregoing, Plaintiff has suffered and continues to suffer loss of income and loss of other employment benefits.

79. As a direct result of the foregoing, Plaintiff is entitled to injunctive relief, declaratory relief, equitable relief, compensatory damages, monetary damages, emotional damages and reasonable attorney fees.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38(b) of the Local Rules, Plaintiff demands trial by a jury for all the issues leaded herein so triable.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

a) An award to the Plaintiff for his compensatory damages and emotional damages;

b) An award to the Plaintiff, retroactive to the date of the adverse action and prior to, for loss wages and benefits resulting from Defendant's unlawful employment practices and to otherwise render him whole for all and any losses sustained and suffered as a result of Defendant's unlawful employment practices;

c) Declaring that S.C.P.D. violated Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e et seq., for the Disparate Treatment of Plaintiff;

d) Declaring that S.C.P.D. violated Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e-2(a)(1) for failure to promote Plaintiff;

e) Declaring that S.C.P.D. engaged in discriminatory hiring practices that disparately impacted Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e et seq.;

f) Declaring that S.C.P.D. violated New York State Law, Executive Law Article 15, Human Rights Executive Law § 296(1)(a) for failure to hire Plaintiff;

g) Injunctive relief;

h) Equitable relief;

i) Declaratory relief;

j) An award to Plaintiff for the costs of this action, together with reasonable attorney fees; interest an the cost of disbursements of this action; and,

k) Such other future relief that this Honorable Court deems just and proper.

Dated: Garden City, New York
March 4, 2016

                         Respectfully Submitted,
                         HENRY LAW GROUP

/s/
Chauncey D. Henry, Esq. (CH2982)
*Attorney for Plaintiff,*
*Vladimir Aristilde*
825 E. Gate Blvd., Suite 106
Garden City, New York 11530
Phone: (516) 366-4367
Fax: (516) 688-3955
Email: chauncey.henry@hlawg.com

18

**EXHIBIT A**

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Vladimir Aristilde<br>237 Holly Avenue<br>Hempstead, NY 11550 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2015-02044 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*     **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Kevin J. Berry,_
District Director

December 4, 2015
*(Date Mailed)*

Enclosures(s)

cc:
SUFFOLK COUNTY POLICE DEPARTMENT
Attn: Police Chief
30 Yaphank Avenue
Yaphank, NY 11980

Chauncey D. Henry, Esq.
Henry Law Group, PC
825 Gate Boulevard, Suite 106
Garden City, NY 11530